UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

ACUITY, A MUTUAL INSURANCE
COMPANY,

        Plaintiff,

   v.

LANE'S EQUIPMENT RENTAL,
INC., et al.,

        Defendants.

CIVIL ACTION NO.
4:22-CV-00101-JPB

## ORDER

This matter is before the Court on Lane's Equipment Rental, Inc. and Daniel McGuffee's (collectively, "Defendants") Motion Regarding Choice of Law [Doc. 25].  This Court finds as follows:

## BACKGROUND

On February 3, 2016, a truck owned by Lane's, and driven by McGuffee, was involved in a motor vehicle accident in Georgia in which a pedestrian was struck and injured.  [Doc. 1, pp. 3-4].  At the time of the accident, Lane's was insured by Acuity ("Plaintiff") pursuant to an automobile liability insurance policy. Id. at 4.  The policy provided an insurance limit of $1,000,000 per accident and an excess liability limit of $1,000,000 per accident.  Id. at 9, 12.  Together, the two

coverage provisions combined to provide liability limits of $2,000,000 per accident.

In May 2016, the pedestrian involved in the traffic accident filed a lawsuit against Defendants in the Superior Court of Whitfield County (the "Underlying Lawsuit"), which is located in Georgia. Id. at 4. Shortly thereafter, Plaintiff—as Lane's insurer—was added as a defendant in the Underlying Lawsuit. Id.

Pursuant to the insurance policy, Plaintiff provided Defendants with a defense in the Underlying Lawsuit. Id. Although mediation occurred and several settlement demands were exchanged, the Underlying Lawsuit proceeded to a jury trial, and in May 2019, a jury awarded the pedestrian over $21,000,000. Id. at 5. The judgment was affirmed by the Georgia Court of Appeals, and the Georgia Supreme Court denied certiorari. [Doc. 39, p. 2]. The judgment is thus final.

On April 29, 2022, Plaintiff filed its Complaint for Declaratory Judgment seeking, among other things, a declaration that it did not act in bad faith by failing to settle the Underlying Lawsuit. [Doc. 1]. In response, on June 28, 2022, Defendants filed a counterclaim alleging the following causes of action: (1) failure to settle under the common law; (2) breach of fiduciary duty; (3) attorney's fees under O.C.G.A. § 13-6-11; and (4) punitive damages. [Doc. 24]. That same day, Defendants filed the instant Motion Regarding Choice of Law. [Doc. 25]. In the

motion, Defendants ask this Court to determine whether Tennessee law or Georgia law governs the counterclaim alleging failure to settle.

## DISCUSSION

"In a case founded on diversity jurisdiction, the district court must apply the forum state's choice of law rules." Federated Rural Elec. Ins. Exch. v. R.D. Moody & Assocs., 468 F.3d 1322, 1325 (11th Cir. 2006). Because Georgia is the forum state, this Court will use Georgia's choice of law rules to determine whether Georgia law or Tennessee law applies to Defendants' counterclaim. Georgia courts apply different choice of law rules to different areas of the law. For instance, Georgia applies one rule to cases sounding in contract and another rule to cases sounding in tort. Indeed,

> [t]he traditional method of resolving choice-of-law issues is through a tripartite set of rules, which are lex loci contractus, lex loci delicti, and lex fori. Under the rule of lex loci contractus, the validity, nature, construction, and interpretation of a contract are governed by the substantive law of the state where the contract was made, except that where the contract is made in one state and is to be performed in another state, the substantive law of the state where the contract is performed will apply. Under the rule of lex loci delicti, tort cases are governed by the substantive law of the state where the tort was committed. Under the rule of lex fori, procedural or remedial questions are governed by the law of the forum, the state in which the action is brought.

Id. (internal citations omitted) (quoting Fed. Ins. Co. v. Nat'l Distrib. Co., 417 S.E.2d 671, 673 (Ga. Ct. App. 1992)).

The Court must first determine whether Defendants' counterclaim for bad faith failure to settle sounds in tort or contract or whether it is procedural in nature. Notably, it is "well established that a claim for bad faith refusal to settle within policy limits sounds in tort, not contract." Metro. Prop. & Cas. Ins. Co. v. Crump, 513 S.E.2d 33, 35 (Ga. Ct. App. 1999). Because the claim at issue sounds in tort, the Court will apply the rule of lex loci delicti, which provides that

> the place of wrong, the locus delicti, is the place where the injury sustained was suffered rather than the place where the act was committed, or, as it is sometimes more generally put, it is the place where the last event necessary to make the actor liable for an alleged tort takes place.

Risdon Enters., Inc. v. Colemill Enters., Inc., 324 S.E.2d 738, 740 (Ga. Ct. App. 1984).

In this case, Defendants contend that Georgia law applies because the $21,000,000 jury verdict and subsequent judgment was entered in Georgia. According to Defendants, the judgment was the last event necessary to make Plaintiff liable for the tort of bad faith failure to settle. Plaintiff, on the other hand, argues that Tennessee law applies because "everything pretty much happened in Tennessee." [Doc. 34, p. 3]. Specifically, Plaintiff asserts that the alleged failure to settle the claim within policy limits occurred in Tennessee because the lawyer who represented Defendants was a Tennessee lawyer who had an office in Tennessee, which is where he rejected the settlement demands. Id. at 4.

Despite Plaintiff's arguments to the contrary, the relevant inquiry here is where the last event necessary to make the actor liable for the alleged tort took place—not where the majority of the events occurred.  In a failure to settle case, "the last event necessary to make an actor liable for the tort is the entrance of a judgment against the insured in excess of the policy limits.  This is the moment of 'injury' for purposes of this tort in a case such as this one."  Morgan v. Gov't Emps. Ins. Co., No. 3:12-cv-32-J-99, 2012 WL 4377790, at *5 (M.D. Fla. Aug. 22, 2012).  Ultimately, the Court finds that the last event necessary to make Plaintiff liable occurred when the judgment, which was well above the policy limits, was entered against Defendants.  This event occurred in Georgia.  Accordingly, under the Georgia choice of law rule lex loci delicti, Georgia law governs Defendants' counterclaim for failure to settle.

## CONCLUSION

For the reasons stated above, Defendants' Motion Regarding Choice of Law [Doc. 25] is **GRANTED**.  **IT IS HEREBY ORDERED** that Georgia law applies to Defendants' bad faith failure to settle counterclaim.

**SO ORDERED** this 7th day of October, 2022.

**J. P. BOULEE**
United States District Judge